**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**


**GUSTAVE WHITE; And BETTY WHITE;**
**d/b/a COLLINS EXOTIC ANIMAL REFUGE**                                    **PLAINTIFFS**


**VERSUS**                                    **CIVIL ACTION NO. 2:07cv37KS-MTP**


**ROBERT A. WILDER; And**
**UNKNOWN OFFICER, INDIVIDUALLY**                                    **DEFENDANTS**



**MEMORANDUM OPINION AND ORDER**

This matter is before the court on defendant Robert Wilder's Motion to Dismiss

**[#11]** pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The court,

having reviewed the motion, the response, the pleadings and exhibits on file, the briefs

of counsel and being otherwise fully advised in the premises finds that the motion is

well taken and should be granted.  The court specifically finds as follows:


**FACTUAL BACKGROUND**

The defendant, Robert Wilder ("Wilder") is a wildlife law enforcement officer with

the Mississippi Department of Wildlife, Fisheries and Parks ("MDWFP").  The plaintiffs

have operated the Collins Exotic Animal Refuge, a private zoo, in Collins, Mississippi

since moving there from Slidell, Louisiana in 1986.

This civil action arises out of a search, seizure and arrest made by the MDWFP

pursuant to an arrest and search warrant issued on November 5, 2001, wherein all of

the plaintiffs' indigenous animals were seized and plaintiff Gustave White was arrested. After a hearing in Covington County Justice Court on March 20, 2002, all of the animals were ordered returned.  An order form the Justice Court holding the MDWFP in contempt for failing to comply with this order was filed on December 30, 2003, ordering the MDWFP to pay the plaintiffs $60,725.00 as reimbursement for the animals as most had been either released or destroyed.  Circuit Judge Robert G. Evans entered a Writ of Prohibition against the Justice Court prohibiting execution of the contempt order on May 26, 2006.

The plaintiffs filed this action seeking damages under 42 U.S.C. § 1983 claiming violations of their Fourth and Fourteenth Amendment rights by virtue of alleged false arrest, false imprisonment, unlawful search and seizure and wrongful taking of personal property.  As pointed out by the defendant, only two paragraphs in the Complaint contain allegations regarding Wilder.  With regard to Wilder, the Complaint alleges that he is an officer at MDWFP and that ". . . Wilder and Unknown Officer searched the . . . property on November 6, 2001." *See* Complaint at ¶¶ 3, 17.  The Complaint, although claiming false arrest and imprisonment, does not allege that Wilder arrested plaintiff Gustave White.  However, in the Specific Reply ordered by the court, the plaintiff alleges that "upon information and belief . . . Wilder personally participated in the illegal arrest of Gustave White and knew or should have known that the arrest was illegal . . ."

Most of the allegations in the Complaint concern actions of the plaintiffs and the MDWFP that (1) occurred in or prior to 1986 or (2) that transpired in 2002 or later after the alleged tortious conduct occurred.  The plaintiffs do not allege that Wilder was involved, participated in or had knowledge of any of the 1986 actions.  The plaintiffs

2

offer no explanation of how the alleged acts in or prior to 1986 are applicable to Wilder, establish a claim against him or are capable of imputing knowledge to him.  The plaintiffs fail to allege that Wilder worked at MDWFP in 1986 or any other basis for imputing these acts, or knowledge thereof, to him.  In fact, it is undisputed that Wilder did not begin his employment with MDWFP until 1992.

The allegations regarding actions in 2002 and thereafter primarily relate to hearings on the criminal charges against plaintiff Gustave White, the Justice Court order requiring the MDWFP to return the animals to the plaintiffs, the contempt order against the MDWFP and the order of prohibition by Circuit Court Judge Robert Evans against the Justice Court.  *See* Comp. at ¶¶ 22 -26.  The order requiring return of the animals and contempt order were both directed to the MDWFP and not Wilder, who was not a party to the proceedings.

## STANDARD OF REVIEW

The defendant has moved the court to dismiss this matter under Rule 12(b)(6) for failure of the plaintiffs to state a claim upon which relief can be granted asserting that Wilder is entitled to qualified immunity.  In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the

3

Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, _____ U.S. _____ , _____ , 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007)(other citations omitted).  Of course, if any matters outside the complaint are considered, the motion is converted to one for summary judgment.  *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980)

## QUALIFIED IMMUNITY

The Fifth Circuit has held that "government officials performing discretionary functions are protected from civil liability under the doctrine of qualified immunity if their conduct violates no 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sorenson v. Ferrie*, 134 F.3d 325, 327 (5th Cir. 1998)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)).

Under the two step analysis employed by the Fifth Circuit in reviewing claims

4

wherein qualified immunity has been asserted, the court must first determine "whether the plaintiff has asserted the violation of a clearly established constitutional right.  If so, the court decides whether the defendant's conduct was objectively reasonable." *Sorenson*, 134 F.3d at 327 (quoting *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997)(applying the two-prong test of *Siegert v. Gilley*, 500 U.S. 226, 231-32, 111 S. Ct. 1789, 1792-93, 114 L. Ed. 2d 277 (1991)).

The first step "is subdivided into three questions: (1) whether a constitutional violation is alleged; (2) whether the law regarding the alleged violation was clearly established at the time of the alleged violation; and (3) whether the record shows that a violation occurred."  *Dudley v. Angel*, 209 F.3d 460, 462 (quoting *Kerr v.Lyford*, 171 F.3d 330, 339 (5th Cir. 1999)(citing *Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir. 1988)).

The plaintiffs have asserted claims under § 1983 for illegal arrest, false imprisonment and unlawful search and seizure under the Fourth Amendment and due process violations connected therewith under the Fourth and Fourteenth Amendments. The Fourth Amendment claims of illegal arrest asserted by the plaintiffs "are appropriate [only] when the complaint contests the method or basis of the arrest and seizure of the person."  *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000)(quoting *Brooks v. George County, Miss.*, 84 F.3d 157, 166 (5th Cir. 1996)).   As set forth above, the plaintiffs allege, in this regard, that "upon information and belief, Defendant Wilder personally participated in the illegal arrest of Gustave White and knew or should have known that the arrest was illegal."

To be free from illegal arrest under the Fourth and Fourteenth Amendments "is a

clearly established constitutional right."[1]  *Sorenson,* 134 F.3d at 328.  To be free from an unlawful search and seizure enjoys the same constitutional protection.  Based on the foregoing, the plaintiffs have asserted the violation of a clearly protected constitutional right.  Further, there can be no doubt but that on November 5, 2001, such rights were "clearly established."  *See, e.g., Shaw v. Garrison*, 467 F.2d 113, 120 (5th Cir. 1972), *cert. denied* 409 U.S. 1024, 93 S. Ct. 467, 34 L. Ed. 2d 317.   The next question is determining whether a violation of that clearly established right occurred, *i.e.*, whether or not the defendant's conduct was objectively reasonable.

It is the plaintiffs' assertion that Wilder participated in obtaining the search and arrest warrant and the alleged illegal arrest of Gustave White and therefore the defendant's conduct was objectively unreasonable.  "[W]hether an arrest is illegal, however, hinges on the absence of probable cause."  *Sorenson* 134 F.3d at 328 (quoting *Baker v. McCollan*, 443 U.S. 137, 144-45, 99 S. Ct. 2689, 2694-95, 61 L. Ed. 2d 433 (1979)).  Therefore, even if Wilder participated in the aforesaid events, searching the plaintiffs' premises and arresting Gustave White was not objectively unreasonable on Wilder's part unless he (Wilder) was responsible for procuring the warrant and lacked probable cause to do so as will be discussed in depth below.  *See*

---

[1]  While the Fifth Circuit has stated and continues to state that the right to be free from an illegal or false arrest and malicious prosecution are protected under the Fourth and Fourteenth Amendments to the Constitution, this Court recognizes, as has the Fifth Circuit, that the Supreme Court has held that pretrial deprivations of liberty are actionable only under the Fourth Amendment and not under the substantive due process guarantees of the Fourteenth Amendment.  *See Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed.2d 114 (1994) and *Eugene v Alief Indep. Sch. Dist.*, 65 F.3d 1299(1995).  Plaintiffs have made no allegations of procedural due process violations, post-arrest, which would be cognizable under the Fourteenth Amendment and therefore their § 1983 claims alleging violations of rights protected under this amendment should be rightfully dismissed.  The Fourth Amendment is adequate to vindicate the rights asserted by the plaintiffs.

*Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995)

As an initial matter, the court notes that "[p]robable cause depends on whether the officers possess[ed] knowledge that would warrant a prudent person's belief that [the suspects] had already committed or [were] committing a crime." *Sorenson*, 134 F.3d at 328 *(quoting Eugene*, 65 F.3d at 1305). Proof beyond a reasonable doubt is not required to support probable cause but a showing of a probability of criminal activity is. *United States v. Brown,* 941 F.2d 1300, 1302 (5th Cir.), *cert. denied*, 502 U.S. 1008, 112 S. Ct. 648, 116 L. Ed. 2d 665 (1991).

The Fifth Circuit has cautioned that this court is "compelled by our case law that clearly dictates subjective intent, motive, or even outright animus are irrelevant in a determination of qualified immunity based on arguable probable cause to arrest, just as an officer's good intent is irrelevant when he contravenes settled law." *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000)(quoting *Anderson*, 483 U.S. at 641, 107 S. Ct. 3034)(citing *Harlow*, 457 U.S. at 815-20, 102 S. Ct. 2727)). Further, "a valid arrest warrant would normally insulate officers against a claim of false arrest," unless "the officers charged with the false arrest [are] responsible for securing the warrant." *Mendenhall,* 213 F.3d at 232.

The plaintiffs' allegations are vague and it is difficult to ascertain the true nature of the claims against Wilder. However, based on information provided in the Specific Reply, it appears that the plaintiffs are claiming that Wilder engaged in improperly obtaining the warrants and the execution thereof. Specifically, the plaintiffs allege that Wilder "individually participated in gathering the information and encouraging the

7

swearing-out of the warrant . . ."

In *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court discussed the potential for liability of officers in conjunction with providing information for a warrant.  *Franks* held that an officer may be liable for making a "false statement knowingly and intentionally, or with reckless disregard for the truth" that causes a warrant to be issued without probable cause regardless of whether he signed the application or was present when the affiant appeared before the judge. The plaintiffs do not allege that Wilder provided false information or made intentional false statements that caused the warrant to be issued, they only assert that Wilder was somehow involved in gathering information relative to the preparation of the warrant.

The plaintiffs' allegations are fatally flawed for two reasons.  First, there are no allegations of any intentional falsehood on the part of Wilder.  In *Michalik v. Herman*, 422 F.2d 252, (5th Cir. 2005), the Fifth Circuit upheld a district court where "[t]he district court concluded that neither Levis nor Toye were subject to *Franks* liability because the . . . [plaintiffs] identified no false statement attributable to Levis or Toye that appeared anywhere in the warrant application."  Here, the plaintiffs have failed to identify any false statements made by Wilder or any statements that were even included in the warrants purportedly at Wider's instigation.

Second, even if the allegations were sufficient to suggest liability, they do not meet the pleading standards for qualified immunity issues.  Given all reasonable inferences, the plaintiffs' allegations are still nothing more than broad and conclusory statements that Wilder was involved in providing some unspecified information for the warrant affidavit.  In *Streetman v. Jordan,* 918 F.2d 555, 556, the Fifth Circuit noted that

8

"[m]ere conclusory allegations and bold assertions are insufficient to meet this

heightened standard. (citing *Elliott v. Perez*, 751 F.2d 1472, 1482 (5th Cir.1985)).  The

court stated:

> For example, Streetman alleges that Lt. Jordan "relied" on information
> from a fictitious confidential informant and falsified the statements in his
> probable cause affidavit. However, we have only Streetman's bold
> assertion that the informant did not exist.

*Streetman*, 751 F.2d at 557.  Similarly, in *Brown v. Texas A&M University*, 804 F.2d 327

(5th Cir. 1986), the Fifth Circuit explained:

> Thus, we held in *Elliott v. Perez*, 751 F.2d at 1479, that § 1983 actions
> that raise the issue of qualified immunity necessitate heightened pleading
> standards. The complaint cannot be cast in "broad, indefinite and
> conclusory terms." *Id.* [citations omitted]  Rather, the plaintiff must plead
> specific facts with sufficient particularity to meet all the elements
> necessary to lay a foundation for recovery, including those necessary to
> negative the defense of qualified immunity. *Elliott v. Perez*, 751 F.2d at
> 1479, 1482.

*Brown*, 804 F.2d at 333.  It is clear that the plaintiffs have failed to plead with the

required specificity any facts that would impute liability to Wilder and thus defeat

immunity.

Since Wilder cannot be held liable for making false statements in conjunction

with procuring the warrant affidavit as the case now stands, the plaintiffs must show that

Wilder signed that affidavit; that he was the person responsible for its preparation; or

that he actually prepared the document.

The Fifth Circuit discussed the potential liability of officers arising out of

preparing, presenting and signing of an affidavit as follows:

> Our analysis of *Bennett* convinces us that, according to this precedent,
> liability under *Malley* may lie not only against the affiant, but also against

> an officer who is in the position of the detective in *Bennett*, that is, an
> officer who actually prepares the warrant application with knowledge that
> a warrant would be based solely on the document prepared. Such an
> officer is in a position to see the whole picture, to understand his
> responsibility, and thus fully to assess probable cause questions.
> Accordingly, such an officer, who is not the affiant, may be held liable,
> along with the affiant, under the principles of *Malley*. We are unwilling,
> however, to extend such liability on the basis of *Bennett*, under the *Malley*
> rationale, beyond the affiant and person who actually prepared, or was
> fully responsible for the preparation of, the warrant application.

*Michalik*, 422 F.3d at 261.  In this case, there are no allegations that Wilder made the

affidavit, that he prepared it or that he was responsible for its preparation.  In *Michalik*,

the Fifth Circuit reversed a district court's denial of qualified immunity on similar

grounds holding:

> Although issues of fact may exist as to the roles that Levis and Toye
> played in the investigation, and in providing some of the information to
> Fitzpatrick, these issues of fact are not material to the warrant claim
> because none of the evidence suggests that Levis and/or Toye prepared
> or presented the warrant or were fully responsible for its preparation or
> presentation.

*Michalik*, 422 F.3d at 261.  Because there are no allegations that Wilder prepared,

executed, was responsible for, or supervised the preparation of the affidavit, he cannot

be found liable on the basis of the warrant having been presented or issued and, thus,

no discussion of the reasonableness of the affidavit is necessary beyond what is

discussed *infra*.

The court turns now to plaintiffs' allegations regarding Wilder's illegal

participation in the search and arrest pursuant to the valid warrant.  Where there is a

facially valid warrant, an officer is entitled to rely on and act pursuant to the warrant.

*Bennett v. Grand Prairie Texas*, 883 F.2d 400, 408 (5th Cir. 1989).  In *Bennett*, the Fifth

10

Circuit held that the officer "who executed an arrest warrant valid on its face, also acted reasonably and competently, since she was entitled to assume that the warrant was obtained validly." *Id.*  The plaintiffs do not allege that Wilder acted improperly in the manner in which he allegedly participated in the search, but instead rest their case on the assumption that the search was "illegal" presumably because of a lack of probable cause.  The test applied in determining whether there is liability in conjunction with obtaining a warrant, as discussed in detail above, is summarized as follows:

> A police officer may be held liable in his individual capacity for filing an application for an arrest warrant without probable cause, the Supreme Court held in *Malley v. Briggs*, if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue; but if officers of reasonable competence could disagree on this issue, immunity should be recognized....

*Bennett*, 883 F.2d at 408.  This standard is only applied to the officer procuring or preparing the affidavit.  Notably, the standard acknowledges that reasonable officers could disagree and if such a disagreement exists, immunity must be recognized.  Indeed, "the qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Mendenhall*, 213 F.3d at 230 (quoting *Malley v. Briggs*, 475 U.S. at 343).  Further "[e]ven law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity."  *Id.* (quoting *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991)(quoting *Anderson*, 483 U.S. at 641, 107 S. Ct. 3034)).

Thus, even if Wilder believed there was no probable cause and "disagreed" with the requesting officer, his subjective opinion is irrelevant.  Because Wilder is alleged to

11

be the executing officer and not the procuring officer, he is entitled to rely on the facially

valid warrant and cannot be liable even if no probable cause existed and regardless of

his personal beliefs as to the existence of probable cause.  The court therefore finds

that the motion to dismiss should be granted.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant Robert

Wilder's Motion to Dismiss **[#11]** is Granted and the plaintiffs' Complaint is dismissed

with prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that since no other defendant has

been identified, this entire matter is dismissed and any pending motions are denied as

moot.  A separate judgment shall be entered herein in accordance with Rule 58,

Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this 7th day of   November, 2007.


*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE